# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 CV 7810 | **DATE** | October 1, 2010 |
| **CASE TITLE** | *Williams v. Forest Preserve District of Cook County* | | |

**DOCKET ENTRY TEXT**

Defendant Forest Preserve District of Cook County's motion to dismiss [14-1] is granted in part and denied in part as follows: the motion to dismiss Counts I and III is denied, while the motion to dismiss Count II is granted. The court construes plaintiff Talana Williams' response to the motion to dismiss as a motion for leave to file an amended complaint, which is granted. Any amended complaint shall be filed no later than October 28, 2010. The court also notes that despite the warning in its July 27, 2010, order, Williams' nonresident counsel has still failed to procure local counsel as required under Local Rule 83.15. Consistent with the warning in the July 27, 2010, order and with the penalties set out in Local Rule 83.15(b), until local counsel is procured *and* files an appearance, the court shall strike any documents filed by Williams' nonresident counsel. The parties shall report for a status hearing on November 30, 2010, at 11:00 a.m. If Williams' counsel wishes to participate in the status hearing by telephone, he must also have local counsel present in court.

■ [ For further details see text below.]  Docketing to mail notices.

00:00

## STATEMENT

Plaintiff Talana Williams works in the legal department of defendant Forest Preserve District of Cook County. She alleges that the defendant discriminated against her based upon race in violation of both 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Specifically, she alleges that because of her race, the defendant subjected her to the following harassment: she was permanently moved from the finance department to the legal department; her supervisor told her coworkers that he wanted to terminate Williams; she was subjected to an audit, and her supervisor told her coworkers that the audit would reveal that she is unqualified for her position and that the audit would serve as the basis for firing her; her legitimate requests for leave under the Family Medical Leave Act were denied; her confidential medical information was disclosed to unauthorized persons; and her supervisor conducted office meetings during which he separated employees by race.

Williams filed claims of race discrimination with the EEOC, for which she has received right-to-sue letters. Williams then filed the instant suit. In her complaint, she alleges the following three counts: in Count I, she alleges race discrimination in violation of Title VII; in Count II she alleges a hostile work environment based on her race; and in Count III she alleges race discrimination in violation of 42 U.S.C. § 1981.

The defendant moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss Williams' complaint in its entirety. In support, it argues that Williams has failed to allege a plausible claim of discrimination and,

| STATEMENT |
|---|

therefore, her complaint falls short of the standards of notice pleading set out in Federal Rule of Civil Procedure 8(a).

Under Rule 8(a), a complaint need only provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To state a claim the complaint must describe the claim in sufficient detail to give defendant fair notice of what the claim is and the grounds on which it rests, and the allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). The Seventh Circuit has repeatedly held that a plaintiff can allege employment discrimination quite generally, even after the Supreme Court's refinement of the standards of notice pleading. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) ("Once a plaintiff alleging illegal discrimination has clarified that it is on the basis of her [sex], there is no further information that is both easy to provide and of clear critical importance to the claim") (quoting *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 781-82 (7th Cir. 2007)). Thus, to survive a motion to dismiss, an employment discrimination complaint is sufficient if it alleges that the employer subjected the employee to an adverse employment action on a prohibited basis, such as race. *See Tamayo*, 526 F.3d at 1084 ("a complaint alleging sex discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her sex").

The court now turns to the allegations in Williams' complaint.

**Counts I and III**

In these counts, Williams alleges that she was treated differently than other employees of different races in violation of Title VII (Count I) and 42 U.S.C. § 1981 (Count III), which prohibits racial discrimination between contracting parties. Claims of racial discrimination under § 1981 are analyzed the same as claims under Title VII. *EEOC v. Pipefitters Ass'n Local 597*, 34 F.3d 656, 658 (7th Cir. 2003).

The Forest Preserve moves to dismiss both Counts I and III because Williams has failed to allege an adverse employment action, such as a demotion, failure to promote, or termination. However, Williams has alleged that she was subjected to a hostile work environment when, among other things, her supervisor conducted office meetings during which he separated employees by race. Such overtly race-based conduct can create a hostile work environment. *See Rodgers v. Western-Southern Life Ins. Co.*, 12 F.3d 668, 675 (7th Cir. 1993). Subjecting an employee to a hostile work environment is a form of an adverse employment action. *See Pruitt v. City of Chicago*, 472 F.3d 925, 927 (7th Cir. 2006) (hostile work environment claim under § 1981); *Hildebrandt v. Ill. Dep't of Nat. Resources*, 347 F.3d 1014 (7th Cir. 2003) (hostile work environment claim under Title VII).

Accordingly, Williams has sufficiently alleged that she was subjected to an adverse employment action on account of her race, and the motion to dismiss Counts I and III is denied.

**Count II**

In Count II, Williams alleges that she was subjected to a hostile work environment. This count is merely duplicative of Count I, and is therefore dismissed. *See Freedom Mortgage Corp. v. Burnham Mortgage, Inc.*, No. 03 C6508, 2010 WL 2403031, at *6 (N.D. Ill. June 14, 2010) (court may dismiss a count that is merely duplicative of another count).

| STATEMENT |
|---|

**Motion to Amend**

In her response to the motion to dismiss, Williams has attached a proposed amended complaint. The court construes Williams' response as a motion for leave to file an amended complaint, which is granted. Any amended complaint shall be filed no later than October 28, 2010.

## CONCLUSION

For the reasons stated, the motion to dismiss is granted in part and denied in part as follows: the motion to dismiss Counts I and III is denied, while the motion to dismiss Count II is granted. The plaintiff is granted leave to file an amended complaint no later than October 28, 2010. By permitting the plaintiff to file an amended complaint, the court expresses no views as to the sufficiency of the allegations therein.

rs/cpb