# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 CR 7810 | **DATE** | December 14, 2011 |
| **CASE TITLE** | *Williams v. Forest Preserve District of Cook County* | | |

**DOCKET ENTRY TEXT**

The defendant's motion to dismiss Count III [47-1] is denied.

■ [ For further details see text below.]    Docketing to mail notices.

00:00

## STATEMENT

Plaintiff Talana Williams is an employee of defendant Forest Preserve District of Cook County. In her original complaint, she alleged that the defendant discriminated against her based on her race. In her Second Amended Complaint, she added a claim that the defendant also violated her privacy rights under the Illinois Constitution. Specifically, Williams alleged that the defendant distributed a memorandum that contained confidential medical information about her without her consent. Before the court is the defendant's motion to dismiss Williams' privacy claim, which is Count III of the Second Amended Complaint.

The defendant presents two arguments in support of its motion for dismissal. First, it argues that Williams' privacy claim under the Illinois constitution is untimely because she filed the claim after the applicable statute of limitations period had run. Because Williams' privacy claim is brought under state law, the court will look to applicable state statute of limitations to determine whether her claim is timely. *See Moorehead v. Deutsche Bank AG*, No. 11 CV 106, 2011 WL 4496221, at *3 (N.D. Ill. Sept. 26, 2011). Under the Local Governmental and Governmental Employees Tort Immunity Act, any civil claim against a public entity in the state, including a claim under the Illinois constitution, is subject to a one-year statute of limitations. *See* 745 Ill. Comp. Stat. 10/8-101(a).

The court begins its analysis by looking to the date on which the memorandum containing her medical information was distributed. Although Williams did not attach the memorandum to her complaint, the defendant attached the memorandum to its motion to dismiss and the court may take it into account in ruling on the motion. *See Hollander v. Hospira, Inc.*, No. 10 CV 8151, 2011 WL 1811637, at * 1 n.1 (N.D. Ill. May 8, 2011) (a court may take judicial notice of documents mentioned in a complaint and central to the plaintiff's claim). The memorandum is dated September 29, 2009.[1] Therefore, the one-year limitations period ran through September 29, 2010. Because Williams first stated her privacy claim under the Illinois constitution in her Second Amended Complaint filed June 24, 2011, well beyond the one-year limitations period, the defendant contends that the claim is untimely.

However, under Federal Rule of Civil Procedure 15(c)(1)(B), a claim first raised in an amended pleading relates back to the date of the original pleading if it "asserts a claim or defense that arose out of the conduct,

transaction, or occurrence set out—or attempted to be set out—in the original pleading." Williams' privacy claim arises out of conduct set out in her original pleading. Specifically, in her original complaint Williams alleged that her supervisor "allowed Williams' confidential medical information to be disclosed to unauthorized individuals." Complaint [1-1] ¶ 15. The original complaint was filed on December 16, 2009. Accordingly, Williams' privacy claim relates back to December 16, 2009, and therefore falls within the one year statute of limitations that began to run on September 29, 2009.

Second, the defendant argues that Williams' privacy claim should be dismissed because Williams has "not alleged facts that state a claim." Motion [47-1] at 4. When reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court accepts the allegations in the complaint as true, viewing all facts, as well as any inferences reasonably drawn therefrom, in the light most favorable to the plaintiff. *See Marshall-Mosby*, 205 F.3d at 326. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint satisfies federal pleading requirements if it (1) contains enough detail to give the defendant fair notice of the claim and the grounds upon which it rests, and (2) plausibly suggests that the plaintiff has a right to relief. *See EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007); *see also Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618–19 (7th Cir. 2007) (observing that under *Bell Atlantic* a complaint must now contain "enough facts to state a claim for relief that is plausible on its face."). With the proper standard in mind, the court turns to the defendant's argument for dismissal.

The defendant contends that Williams has not alleged facts in support of each element of a claim of invasion of privacy. However, the elements the defendant has identified are elements for the tort of invasion of privacy under Illinois law. Williams' claim is against a governmental entity for the violation of her rights to privacy under the Illinois constitution, which Illinois courts have routinely held are violated by the disclosure of highly personal matters such as medical records. *See Hope Clinic For Women Ltd. v. Adams*, 955 N.E.2d 511, 527 (Ill. App. Ct. 2011) (collecting cases).

Williams has alleged that the defendant disclosed Williams' confidential medical information by distributing a memorandum containing that information "to other individuals, both inside and outside the employ of the" defendant. Second Amended Complaint [45-1] ¶ 28. Although the complaint does not identify the specific medical information disclosed, it does identify the author of the memorandum which contained the information as Carmen Sanchez. That information sufficiently apprised the defendant of the memorandum about which Williams complains because the defendant attached the memorandum to its motion to dismiss.

In short, Williams has alleged a timely claim of invasion of privacy under the Illinois constitution which meets the requirements of federal pleading standards. Accordingly, the defendant's motion to dismiss her privacy claim is denied.

rs/cpb

1. As noted above, Williams did not file a response brief and, therefore, has not disputed the defendant's assertion that the memorandum was distributed on that same date, September 29, 2009.